# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-411


**MARLON R. HYATT**

**VERSUS**

**BOISE CASCADE CORPORATION**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION DISTRICT NO. 3
PARISH OF CALCASIEU, NO. 18-01902
JONATHAN W. BROWN, WORKERS COMPENSATION JUDGE

**********

**D. KENT SAVOIE**
**JUDGE**

**********

Court composed of D. Kent Savoie, Van H. Kyzar, and Gary J. Ortego, Judges.


**AFFIRMED.**

**Thomas A. Filo**
**Cox, Cox, Filo, Camel & Wilson, L.L.C.**
**723 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Marlon R. Hyatt**

**Phillip E. Foco**
**Bienvenu, Bonnecoze, Foco, & Viator, LLC**
**4210 Bluebonnet Boulevard**
**Baton Rouge, LA 70809**
**(225) 388-5600**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Boise Cascade Corporation**
    **Packaging Corporation of America**

**Max Malvin**
**Malvin Law, LLC**
**201 St. Charles Ave, Suite 2500**
**New Orleans, LA 70170**
**(504) 383-0895**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Boise Cascade Corporation**
    **Packaging Corporation of America**

**SAVOIE, Judge.**

Packaging Corporation of America (PCA) appeals a workers' compensation judge's (WCJ's) judgment rendered in favor of Plaintiff, Marlon Hyatt, awarding him supplemental earnings benefits ("SEBs") for occupational noise-induced hearing loss resulting from his employment at a paper mill owned by PCA and its predecessors, as well as penalties and attorney fees. Mr. Hyatt answers the appeal and seeks an additional award of costs and attorney fees incurred on appeal.

For the following reasons, we affirm the judgment in favor of Mr. Hyatt and award an additional $5,000.00 in attorney fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Hyatt began working for Boise Cascade Corporation (Boise Cascade), which is a predecessor of PCA, at a paper mill in 1970. He was thirty years old at the time. After working for over thirty years as a paper maker, operator on the paper machines, and in the shipping department, he retired from his job in August 2003. At the time of his retirement, Mr. Hyatt had an annual wage of $63,936.00, which was equivalent to an average weekly wage of $1,229.54 per week. Mr. Hyatt has since retired from the workforce for reasons unrelated to hearing loss.

On March 28, 2018, Mr. Hyatt filed a workers' compensation claim seeking benefits related to hearing loss resulting from his employment at the paper mill. PCA has stipulated that it is liable for any and all workers' compensation obligations that may be owed to Mr. Hyatt by its predecessors, including Boise Cascade. On November 20, 2018, Mr. Hyatt was evaluated by his treating physician, Dr. Brad LeBert. Dr. LeBert opined that Mr. Hyatt had occupationally related noise-induced hearing loss as a result of his work at the paper mill, and he restricted Mr. Hyatt's

work to within National Institute for Occupational Safety and Health ("NIOSH") compliant environments.

Following Dr. LeBert's recommendations, Mr. Hyatt made a formal demand on November 21, 2018, seeking medical benefits, audiograms, hearing aids, vocational rehabilitation, and SEBs. Dr. LeBert also submitted a Form 1010 Request for Authorization for treatment on January 22, 2020. These demands were either ignored or denied as non-compensable. Further, the parties stipulated that PCA did nothing to reasonably controvert Mr. Hyatt's claim until, at the earliest, November 5, 2019, when it received a second medical opinion.

A combined trial on the merits of Mr. Hyatt's claims, along with the nearly identical claims asserted against PCA by former employees Clarence Bos and Woodrow Colton, was held on June 24, 2021.[1] Following trial, the WCJ found that Mr. Hyatt proved by preponderance of the evidence that he has suffered from occupationally related noise-induced hearing loss, he was given a work restriction by Dr. LeBert, and he was unable to earn ninety percent or more of his pre-injury wage.[2]

A judgment was rendered in favor of Mr. Hyatt for medical and indemnity benefits, including SEBs in the amount of $43,264.00. This is the equivalent of 104 weeks, beginning November 20, 2018, at a weekly compensation rate of $416.00 per week. The WCJ also concluded that PCA was arbitrary and capricious in failing to authorize Mr. Hyatt's requests for various medical treatments, SEBs, and vocational

---

[1] PCA's appeal of the similar ruling rendered in favor of Mr. Colton bears docket number 22-410, and its appeal of the of the similar ruling rendered in favor of Mr. Bos bears docket number 22-412. These cases were consolidated with the instant case in this court for purposes of oral argument.

[2] The WCJ's written reasons for ruling are set forth in *Bos v. Packaging Corporation of America*, 22-412 (La.App. 3 Cir. _/_/23), __ So.3d __.

rehabilitation services, and it awarded Mr. Hyatt $8,000.00 in penalties and $15,000.00 in attorney fees.

PCA appeals and asserts the following as assignments of error:

1. The Workers' Compensation hearing officer erred in awarding SEBs to Hyatt, as he withdrew from the workforce prior to the date that Dr. Le[B]ert made his NIOSH recommendation.

2. The Workers' Compensation hearing officer erred in awarding SEBs to Hyatt based on Dr. Le[B]ert's recommendation that Hyatt follow NIOSH noise exposure guidelines if he returned to work, as that recommendation is generally applicable and not causally related to Hyatt's hearing loss.

3. The Workers' Compensation hearing officer erred in finding that Hyatt was incapable of performing the job of an "A Operator" at the PCA paper mill between November 20, 2018 and November 20, 2020 as a result of Dr. Le[B]ert's NIOSH recommendation.

4. The Workers' Compensation hearing officer erred in finding that Dr. Le[B]ert's NIOSH recommendation prevented Hyatt from earning 90% of his average weekly wage, considering his skills, qualifications and experience.

5. The Workers' Compensation hearing officer erred in awarding penalties and attorneys' fees for failure to initiate vocational rehabilitation services.

6. The Workers' Compensation hearing officer erred in awarding penalties and attorney's fees for failure to initiate SEBs.

Mr. Hyatt answers the appeal and seeks additional attorney fees and costs incurred in connection with work done on appeal.

## ANALYSIS

The first three assignments of error are identical to PCA's arguments made in connection with its appeals of the judgments rendered in favor of Mr. Bos and Mr. Colton, as well as in *Smith v. Packaging Corporation of America*, 22-171 (La.App. 3 Cir. 11/30/22), __ So.3d __. For the reasons set forth by this court in both *Bos v. Packaging Corporation of America*, 22-412 (La. App 3 Cir. __/__/23), ____ So.3d

3

____, and *Smith*, __ So.3d __, we likewise find no merit in these assignments of error.

In its fourth assignment of error, PCA additionally argues that Mr. Hyatt did not produce any evidence suggesting that Dr. LeBert's NIOSH recommendation prevented him from performing any other job for which he was qualified. Specifically, PCA suggests that Mr. Hyatt worked for other companies after his retirement from PCA until September 2018, when he was restricted from performing any work due to a back injury, and that he made $27.00 per hour.

In response, Mr. Hyatt contends that PCA's argument in connection with both this assignment of error and its third assignment of error ignores the fact that Mr. Hyatt need only establish a *prima facie* case of entitlement to SEBs, and once that occurs, the burden shifts to PCA to negate entitlement to SEBs. We agree. For the reasons expressed in *Bos* and in *Smith*, we likewise find that Mr. Hyatt satisfied his prima facie case, the burden shifted to PCA, and PCA failed to satisfy its burden.

With respect to PCA's fifth and sixth assignments of error, and Mr. Hyatt's answer to the appeal, we affirm the WCJ's award of penalties and attorney fees and award Mr. Hyatt with an additional $5,000.00 in attorney fees for work done on appeal for the same reasons expressed in *Bos* and *Smith*.

### DECREE

For the reasons set forth above, we affirm the judgment of the workers' compensation judge. In addition, additional attorney fees in the amount of $5,000.00 are awarded in favor of claimant, Marlon Hyatt, and against Packaging Corporation of America, for attorney fees incurred on appeal. All costs of this proceeding are assessed to appellant, Packaging Corporation of America.

**AFFIRMED.**

4